IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

July 15, 2025

LAURA A. AUSTIN, CLERK
BY   s/ S. MELVIN
        DEPUTY CLERK

| | | |
|---|---|---|
| Jianxin Li | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Man Xiu Xiong, | ) | |
| | ) | Civil Action No. 3:25-cv-00022 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Chung LLC *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on Defendants Chung LLC and Stanley Chung's motion to strike and dismiss Plaintiffs Jianxin Li and Man Xiu Xiong's complaint. (Dkt. 5.)  Li and Xiong brought this action against Chung LLC and Stanley Chung (the "Chung Defendants") and Defendant John Doe alleging retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), and Virginia state law, Va. Code Ann. § 40.1-27.3(A). (Compl. ¶¶ 82–101 (Dkt. 1).)  The Chung Defendants now move to strike and dismiss Plaintiffs' complaint, which was signed and filed by Plaintiffs' counsel, Aaron B. Schweitzer, while under administrative suspension, on the grounds that the complaint is invalid pursuant

to Federal Rules of Civil Procedure 11(a) and 12(a)(1)(A)(i)[1] and Local General Rule 6(a).  (*See* Dkt. 5.)  For the reasons stated below, the court will deny the motion.

## I.    Background

On April 16, 2025, Plaintiffs filed a complaint against Defendants alleging retaliation on the basis of their participation in an ongoing lawsuit against the Chung Defendants. (Compl. ¶¶ 82–101; *see* Case No. 3:24-cv-00025.)  Plaintiffs filed their complaint through Schweitzer, who also represents Li in the other action before this court.  The court issued an electronic summons as to all three Defendants the same day.  (Dkt. 3.)

On May 21, 2025, in connection with proceedings in the other case, the Chung Defendants' counsel informed the court that Schweitzer was not a Virginia State Bar member in good standing.  (*See* Case No. 3:24-cv-00025, Dkt. 65.)  That afternoon, Schweitzer confirmed on the record that he was not in good standing and that his Virginia law license had been administratively suspended since March 18, 2025.  He denied receiving prior notice of his suspension from the Virginia State Bar.  (Case No. 3:24-cv-00025, Dkts. 63, 70 at 1 n.1.) U.S. Magistrate Judge Joel C. Hoppe accordingly held that Schweitzer could not appear on Li's behalf in that action while he remained suspended.  (Case No. 3:24-cv-00025, Dkt. 65.) On May 23, 2025, Schweitzer advised the court that his status with the Virginia State Bar had

---

[1] Though the Chung Defendants cite Rule "12(1)(A)(i)" in their brief, the court notes that no such Federal Rule exists. (*See* Dkt. 5 at 1.)  Because the only section of Rule 12 that contains the subsection "(1)(A)(i)" is 12(a), the court proceeds assuming that the Chung Defendants intended to cite to Rule 12(a)(1)(A)(i).

been restored to "in good standing" the day prior, and Judge Hoppe found that Schweitzer could resume representation of Li.  (Case No. 3:24-cv-00025, Dkt. 66.)

In mid-June, Plaintiffs filed an executed summons for the Chung Defendants, who were served on May 28, 2025.  (Dkt. 4.)  On June 16—two days before their answer was due— the Chung Defendants filed a motion to strike and dismiss the complaint in this action.  (Dkt. 5.)  The motion contends that the complaint, signed and filed by Schweitzer during his period of administrative suspension, is invalid.  (*Id.* ¶ 9.)  Plaintiffs filed a response, labeled with the incorrect case number, on June 30, 2025.  (Dkt. 9.)  They filed a corrected response the following day.  (Dkt. 10.)  The Chung Defendants filed a reply one day later.  (Dkt. 11.)  The Chung Defendants have not yet filed an answer in this action.

## II.    Analysis

Rule 11(a) of the Federal Rules of Civil Procedure requires "[e]very pleading, written motion, and other paper" be signed by an attorney of record or a *pro se* party.  Fed. R. Civ. P. 11(a).  The court must strike any unsigned filings "unless the omission is promptly corrected after being called to the attorney's or party's attention."  *Id.*; *see McGraw v. Gore*, 31 F.4th 844, 853 (4th Cir. 2022).  Filings that are signed but, "due to the application of another rule, [are] considered invalid because of a wrong signature" may also be considered unsigned under Rule 11.  *See Caison v. Scientific*, No. 5:22-cv-00013, 2022 WL 10146542, at *3 (W.D. Va. Oct. 17, 2022).

Defendants argue that Rule 11(a) and this court's Local General Rule 6(a) together render Schweitzer's filing of Plaintiffs' complaint during his period of administrative

suspension "invalid." (Dkt. 5 ¶ 9.) Local General Rule 6, titled "Attorneys," provides the court's exclusive guidance on an attorney's eligibility to practice in the Western District of Virginia. *See* W.D. Va. Gen. R. 6. As relevant here, an attorney admitted on the basis of his Virginia State Bar membership must be "an active or emeritus member in good standing," although the court may in its discretion admit associate, retired, or disabled members of the Virginia State Bar who do not engage in the practice of law. W.D. Va. Gen. R. 6(b). Upon admission, "[a]ny person who is an active or emeritus member of the Virginia State Bar in good standing is eligible to practice before this Court." W.D. Va. Gen. R. 6(a). The rules do not provide that an attorney admitted because of his Virginia State Bar membership is eligible to practice outside of Local General Rule 6(a).

During the period Schweitzer was not in good standing with the Virginia State Bar, he was not eligible to practice in this court. *See id.* Accordingly, his signature as attorney of record on the complaint in this case is invalid. Because Schweitzer's signature was invalid, the court treats the complaint as unsigned by an attorney of record. *See Caison*, 2022 WL 10146542, at *3. Even so, Rule 11(a) expressly allows filing parties to cure a signature defect by prompt correction. *See* Fed. R. Civ. P. 11(a). Such a defect may be cured "by signing the paper on file or by submitting a duplicate that contains the signature." Fed. R. Civ. P. 11(a) advisory committee's note to 1993 amendment; *see Becker v. Montgomery*, 532 U.S. 757, 764–65 (2001) (discussing the same). Courts generally hesitate to strike unsigned filings "without providing an opportunity to cure or a showing of severe prejudice." *Patel v. Jones*, No. 7:21-cv-00401, 2022 WL 822113, at *7 (W.D. Va. Mar. 17, 2022) (collecting cases). This hesitation aligns with

- 4 -

federal courts' preference "in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Plaintiffs maintain that any signature defect was promptly corrected by Schweitzer's reinstatement of his good standing with the Virginia State Bar and subsequent reinstatement to practice in this court. (*See* Dkt. 10 at 2–3.) The Chung Defendants, however, contend that "[s]imply achieving license restoration does not remedy the defect caused by plaintiffs' counsel's filing of a complaint on behalf of the plaintiffs on April 26, 2025, at a time when he was not authorized to practice law in Virginia." (Dkt. 11 at 2.) Perhaps unsurprisingly, given the apparent rarity of Rule 11(a) motions brought to cure a defect arising from an attorney's suspension, neither Plaintiffs nor the Chung Defendants cite any case in which a court addresses whether reinstatement of an attorney's ability to practice before the court itself suffices to cure a filing signed when the attorney was suspended.

Hewing closely to Rule 11(a), and finding that the Chung Defendants have not claimed any prejudice from the defective filings, the court will deny the Chung Defendants' motion to strike and dismiss and direct Plaintiffs to cure the defective complaint by refiling it in full compliance with Rule 11(a) and this court's local rules within seven (7) days of the accompanying Order. *See Becker*, 532 U.S. at 764–65. The court will consider a complaint refiled within that time to be promptly corrected, bearing in mind the necessity of refiling was not obvious. *See Wolford v. Budd Co.*, 149 F.R.D. 127, 129–31 (W.D. Va. 1993) (finding complaint signed by attorney not admitted to practice in the state cured when attorney obtained *pro hac vice* admission four months later). If timely filed within seven days, the

- 5 -

corrected complaint will relate back to the original date of filing.  *See Caison*, 2022 WL 10146542, at *2.  However, the court will strike the complaint as mandated by Rule 11(a) if not cured within seven days.

Having resolved the motion to strike and dismiss, the court must address one additional procedural issue.  The Chung Defendants believe that "[a] clear reading" of their motion "indicates that it is a responsive pleading pursuant to Rule 12."  (Dkt. 11 at 1; *see* Dkt. 5 at 1.) The specific subsection of Rule 12 that the Chung Defendants cite stipulates that, in general, "[a] defendant must serve an answer within 21 days after being served with the summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A)(i).  The Chung Defendants make no attempt to explain how their motion—titled "Motion to Strike and Dismiss Complaint"—can be construed as a responsive pleading.

Nor is it likely they could.  *See* Fed. R. Civ. P. 7 (distinguishing between pleadings and motions); *Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 321 (E.D. Va. 2007) ("[A] motion is not a pleading.").  Federal Rule of Civil Procedure 8(b) outlines that a responsive pleading must both "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).  Denials "must fairly respond to the substance of the allegation."  Fed. R. Civ. P. 8(b)(2).  The Chung Defendants' motion does not address any of the substance of Plaintiffs' allegations.  Moreover, even if this court could find that the motion at issue resembles a responsive pleading, the court notes that the Chung Defendants would then have failed to deny all of Plaintiffs' substantive allegations: Under Rule 8(b)(6), an allegation "is

admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P.

8(b)(6).

The court therefore advises the Chung Defendants that they have failed to file a responsive pleading in this case. And because their motion to strike and dismiss was filed under Rule 11(a)[2], there was no alteration of the deadline for responsive pleading. *See* Fed. R. Civ. P. 12(a)(4). The Chung Defendants' deadline to answer Plaintiffs' complaint passed while the parties were briefing this motion. They may request an extension of this deadline on a motion demonstrating excusable neglect, which the court may grant for good cause. *See* Fed. R. Civ. P. 6(b)(1)(B).

Finally, the court notes that, in granting Plaintiffs the opportunity to cure this defect, it addresses only the Rule 11(a) motion before it. The court expressly declines to analyze whether Schweitzer's filing constituted the unauthorized practice of law and/or whether Schweitzer's conduct is sanctionable under Rule 11. These issues are not properly before the court upon the Chung Defendants' Rule 11(a) motion, and accordingly this memorandum opinion should in no way be read as a ruling on any alleged unauthorized practice of law or sanctionable conduct.

---

[2] Although Rule 12 does provide for several types of motions that may be filed by a party prior to responsive pleadings, *see* Fed. R. Civ. P. 12(b), (e), (f), the Chung Defendants cite only to Rule 12(a)(1)(A)(i), which does not describe any motion at all. The court therefore proceeds assuming that the motion was filed under Rule 11(a) alone, as the provision of Rule 12 the Chung Defendants cite does not permit a motion.

### III.    Conclusion

For the foregoing reasons, the court will **deny** the Chung Defendants' motion to strike

and dismiss (Dkt. 5).  An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 15th day of July, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

- 8 -